UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD PFEIFFER, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>STEINY AND COMPANY INC,<br><br>    Defendant. | Case No. 15-cv-01405 NC<br><br>**REPORT AND RECOMMENDATION RE: PLAINTIFFS' MOTION FOR DEFAULT JUDGEMENT**<br><br>Re: Dkt. No. 24 |

Gerald Pfeiffer and William T. Barrow seek to collect allegedly unpaid contributions owed to multi-employer benefit plans of which they are fiduciaries from defendant employer Steiny under the civil enforcement provisions of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001. Dkt. No. 23 at 3. Having received an entry of default against Steiny for its failure to appear or otherwise respond to the summons and complaint, Plaintiffs now move for default judgment under Federal Rule of Civil Procedure 55(b)(2). Because Steiny has not consented to its jurisdiction under 28 U.S.C. § 636(c), the Court REFERS this case for REASSIGNMENT to a district court judge. The Court also RECOMMENDS that Plaintiffs' motion for default judgment on their claims of unpaid contributions, liquidated damages, and unpaid interest be GRANTED and that judgment be entered in the amount of $56,641.26.

I.    BACKGROUND

    The Court denied Plaintiffs' previous motion for default judgment because it

Case No. 15-cv-01405 NC

1  contained neither the same monetary amount nor the same time frame as Plaintiffs'
2  complaint. *See* Dkt. No. 21 at 4. The Court's order permitted Plaintiffs to amend the
3  complaint, and they filed an amended complaint on January 19, 2016. Dkt. No. 23. They
4  now move for default judgment based on the allegations in the first amended complaint.
5  Dkt. No. 24. In their motion for default, Plaintiffs seek: (1) $28,734.10 in contributions,
6  $22,740.24 in liquidated damages, $142.04 in interest at 10% pursuant to the contract,
7  $4,543.50 in attorney's fees, and costs of $481.38, for a total of $56,641.26. Dkt. No. 24
8  at 1-2.

Plaintiffs have consented to the jurisdiction of a magistrate judge in accordance with 18 U.S.C. § 636(c). Dkt. No. 8. Steiny has not made an appearance in the case and has not consented to magistrate jurisdiction.

## II.  LEGAL STANDARD

Default may be entered against a party who fails to plead or otherwise defend an action and against whom a judgment for affirmative relief is sought. Fed. R. Civ. P. 55(a). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980). Factors that a court may consider in exercising that discretion include:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering the above factors, the Court takes all factual allegations in Plaintiffs' first amended complaint as true, except for those relating to damages. *TeleVideo Systems, Inc. v. Heidenthal,* 826 F.2d 915, 917-18 (9th Cir. 1987); *see also Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("[t]he general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true").

## III. DISCUSSION

### A. Jurisdiction and Service of Process

When presented with a motion for default judgment, the Court has "an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Under Rule 55(b), the Court may only enter default judgment against a minor or incompetent person if represented by a guardian, conservator, or other like fiduciary who has appeared. Fed. R. Civ. P. 55(b)(2).

Here, a federal question is present because Plaintiffs allege a violation of ERISA, a federal statute. 28 U.S.C. § 1338(a). The Court has personal jurisdiction over Steiny because it is a business in Vallejo, California. *See* Dkt. No. 23 at 5, 6. As a business, Steiny is neither an incompetent person nor a minor.

As to service of process, Plaintiffs filed proof of service to Steiny via mail of their application for default judgment on January 29, 2016. Dkt. No. 26 at 1. Plaintiffs properly served Steiny on May 14, 2015, by delivering copies of the summons and complaint to Susan Steiny, a registered agent of Steiny. Dkt. No. 5 at 1. They served Steiny with the first amended complaint by mail on February 26, 2016. Dkt. No. 27.

### B. First Factor: Possibility of Prejudice To Plaintiffs

Taking all of the factual allegations in the operative complaint as true, the first *Eitel* factor weighs in favor of granting default judgment on Plaintiffs' claims. If the Court were to deny Plaintiffs' motion for default judgment, they would have no other recourse for recovery. *Truong Giang Corp. v. Twinstar Tea Corp.*, No. 06-cv-03594 JSW, 2007 WL 1545173, at *3 (N.D. Cal. May 29, 2007). "Because ERISA provides that federal courts have exclusive jurisdiction for claims of this nature, denial of Plaintiffs' Motion would leave them without a remedy." *Bd. of Trustees of U.A. Local No. 159 Health & Welfare Trust Fund v. RT/DT, Inc.*, No. 12-cv-05111 JSW, 2013 WL 2237871, at *4 (N.D. Cal. May 21, 2013). Accordingly, the first *Eitel* factor, possibility of prejudice to the plaintiff, weighs in favor of granting default judgment.

### C. Second And Third Factors: The Merits of Plaintiffs' Substantive Claim And The Sufficiency of The Complaint

The second and third *Eitel* factors address the merits and sufficiency of Plaintiffs' claims pled in the first amended complaint. "These two factors are often analyzed together." *Guifu Li v. A Perfect Day Franchise, Inc.*, No. 5:10-cv-01189 LHK, 2012 WL 2236752, at *6 (N.D. Cal. June 15, 2012). In considering the second and third factors, the Court takes all factual allegations in Plaintiffs' complaint as true, except for those relating to damages. *TeleVideo Systems,* 826 F.2d at 917-18.

Here, Plaintiffs' claim is for employee benefits due under ERISA, which provides that:
> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145. ERISA creates a federal cause of action against employers who do not make timely contributions to employee benefit plans, and allows plan fiduciaries to enforce obligations created under the collective bargaining agreement. *Trs. of the Screen Actors Guild–Producers Pension & Health Plans v. NYCA, Inc.*, 572 F.3d 771, 776 (9th Cir. 2009).

Here, Plaintiffs state that Steiny entered into a collective bargaining agreement that required it to "make payments to certain Funds (Health and Welfare Trust, Pension Trust, Apprenticeship Trust, National Electrical Benefits Fund, JEIF, NECA Service Charge, NECA) for each hour worked by employees covered by said collective bargaining agreement." Dkt. No. 23 at 1.

The operative complaint states that Steiny owes Plaintiffs "for the months of September 2015 - October 2015, in the amount of $28,734.10 plus liquidated damages according to contract for the months of September 2015 - October 2015 in the amount of $2,294.45; plus interest thereon at 10% in the amount of $142.04." Dkt. No. 23 at 3. Plaintiffs allege that they have made demand for payment but Steiny has failed to make any payments to date on the amount due. *Id*. They allege that "additional monies are due

for the periods November 1, 2015, to the present . . . [as well as] past due liquidated damages for the months August 2014 - August 2015 in the amount of $20,445.79." *Id.*

Plaintiffs attach to the operative complaint a copy of the signed agreement, and state in the complaint the amounts owed and why Steiny was obligated to pay interest as well as contributions for the months it missed. Dkt. No. 23 at 5-65.

Taking the allegations in the complaint as true, Plaintiffs have successfully pled a case under ERISA entitling them to contributions. Therefore, the second and third *Eitel* factors weigh in favor of granting their motion for default judgment.

### D. Fourth Factor: Sum Of Money At Stake In The Action

The fourth *Eitel* factor addresses the amount of money at stake in relation to the seriousness of Steiny's conduct. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1176 (C.D. Cal. 2002). Default judgment is disfavored when the amount at stake is substantial or unreasonable in light of the allegations in the complaint. *See Eitel*, 782 F.2d at 1472 (affirming denial of default judgment where the plaintiff sought $3 million in damages and the parties disputed material facts in the pleadings).

In their motion for default, Plaintiffs seek: (1) $28,734.10 in contributions, $22,740.24 in liquidated damages, $142.04 in interest at 10% pursuant to the contract, $4,543.50 in attorney's fees, and costs of $481.38, for a total of $56,641.26. Dkt. No. 24 at 1-2.

As discussed above, this amount is authorized under the agreement attached to the complaint and is proportionate and appropriately tailored to Steiny's misconduct in failing to make timely contribution payments. *See Bd. of Trs. of the Sheet Metal Workers v. Accu–Balance Associates, Inc.*, 2006 WL 3591141, at *1 (N.D. Cal. Dec. 11, 2006). Moreover, the Court takes all factual allegations in Plaintiffs' first amended complaint as true, except for those relating to damages. *TeleVideo,* 826 F.2d at 917-18. Attached to Plaintiffs' motion for default judgment is a declaration by Sandy Stephenson, the fund administrator for I.B.E.W. Local 332 Trust Funds with United Administrative Services. Stephenson is responsible for processing transmittals and payments received by contractors

for payment into the funds Plaintiffs represent as fiduciaries here.  Dkt. No. 24-3 at 1.  Stephenson's declaration provides a breakdown of the hours worked by covered employees for which Steiny failed to make contributions and the delinquent amounts on the contributions.  *Id*. at 2-10.  His declaration shows why the damages Plaintiffs seek are appropriate.

Plaintiffs' motion for default also requests $4,543.50 in attorney's fees.  In a declaration attached to the motion, Plaintiffs' counsel Sue Campbell states that her rate is $195.00 per hour under the terms of her contract with the trust funds.  Dkt. No. 24-5 at 1.  The Court finds this hourly rate and her time spent on the case reasonable.

Because the Plaintiffs seek a reasonable amount that is authorized under the agreement and reasonable attorney's fees, this factor weighs in favor of default judgment.

### E.  Fifth Factor: Possibility Of A Dispute Concerning Material Facts

The fifth *Eitel* factor examines the likelihood of dispute concerning material facts in the case.  *Eitel*, 782 F.2d at 1471–72.  Upon entry of default, the defendant is "deemed to have admitted all well-pleaded factual allegations" in the complaint.  *DirecTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 851 (9th Cir. 2007) (citing Fed. R. Civ. P. 55(a)).  Here, Steiny had the opportunity to respond to the complaint and participate in the proceedings.  Plaintiffs served Steiny on May 14, 2015, when copies of the summons and complaint were delivered to Susan Steiny, a registered agent of Steiny.  Dkt. No. 5 at 1.  Therefore, Plaintiffs properly served Steiny.

Further, "given that Defendant's obligations under the collective bargaining agreement are clear, the possibility for any factual disputes is unlikely." *Bd. of Trustees of U.A. Local No. 159*, No. 12-cv-05111 JSW, 2013 WL 2237871, at *4-5.  Plaintiffs' claims for unpaid contributions are based on Steiny's own reports of hours worked.  Thus, this factor weighs in favor of default judgment.

### F.  Sixth Factor: Whether Steiny's Default Was Due To Excusable Neglect

The sixth *Eitel* factor examines whether Steiny's failure to respond to Plaintiffs' complaint was due to excusable neglect.  *Eitel*, 782 F.2d at 1471–72.  Plaintiffs properly

served Steiny with the summons and complaint. Dkt. No. 5. Steiny was served with copies of all pleadings regarding the Plaintiffs' first motion for default judgment on December 14, 2015. Dkt. No. 24-1 at 4. Plaintiffs served Steiny with notice of the present motion for default judgment by mail on January 29, 2016. Dkt. No. 26. Plaintiffs served Steiny with the first amended complaint by mail on February 26, 2016. Dkt. No. 27. Steiny has made no appearance in the case and has not responded to Plaintiffs' motion. There is nothing suggesting that Steiny's failure to appear and litigate the case is based on excusable neglect. *See Shanghai Automation Instr. Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001). As such, this factor weighs in favor of granting default judgment.

### G. Seventh Factor: Policy Favoring Deciding a Case On Its Merits

In *Eitel*, the Ninth Circuit stated that "[c]ases should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, courts have recognized that "the mere existence of [Rule 55(b)] indicates that this preference, standing alone, is not dispositive." *PepsiCo, Inc.*, 238 F.Supp.2d at 1177 (internal quotation and citation omitted). Courts have found default judgment appropriate when a defendant refuses to litigate a case. *See Bd. of Trustees v. RBS Washington Blvd, LLC*, No. 09-cv-00660 WHA, 2010 WL 145097, at *4 (N.D. Cal. Jan. 8, 2010). Here, because Steiny has never participated in the proceedings, a decision on the merits would not otherwise be possible. In this situation, Rule 55(b) permits the Court to grant default judgment. Therefore, this factor weighs in Plaintiffs' favor.

Here, the *Eitel* factors cumulatively weigh in favor of granting default judgment.

## IV. CONCLUSION

The *Eitel* factors weigh in favor of granting Plaintiffs' motion for default judgment in the amount of $56,641.26. Because Steiny has not consented to the jurisdiction of a magistrate judge, the Court REFERS the case for reassignment to a district judge with the above recommendation. Any party may object to this order within fourteen days. Fed. R. Civ. P. 72(b).

**IT IS SO ORDERED.**

Dated: April 28, 2016

_____
NATHANAEL M. COUSINS
United States Magistrate Judge